UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORETTA COBLENTZ,

   Plaintiff,

-VS-

NAVIENT SOLUTIONS, LLC,

   Defendant.

CASE NO.:

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LORETTA COBLENTZ (hereinafter "Plaintiff"), sues Defendant, NAVIENT SOLUTIONS, LLC (hereinafter "Defendant"), and alleges the following:

**INTRODUCTION**

1. This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *eq seq.* ("FCCPA").

2. In describing the importance of the TCPA, Senator Hollings, the TCPA's sponsor, said "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man.'" 137 Cong. Rec. 30.821 (1991).

3. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time

and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-306 (7th Cir. 2017).

## JURISDICTION AND VENUE

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

5. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

6. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

8. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

9. Plaintiff is an "alleged debtor."

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a corporation with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191, and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

12. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6) as it pertains to a student loan.

13. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

14. Defendant has called Plaintiff on Plaintiff's cellular telephone hundreds of times in an attempt to collect a debt.

15. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

16. The calls that the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

17. Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received, because she heard a brief pause before being connected to

an agent, and also because she always spoke to a different agent when she answered calls from Defendant.

18. Furthermore, Defendant left voicemail messages on Plaintiff's cellular telephone, each of which contained the same exact pre-recorded message.

19. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically without human intervention.

20. Plaintiff also received text messages from Defendant.

21. The automated calls from Defendant are initiated from phone numbers including, but not limited to: 888-272-5543; when that number is dialed, an artificial voice answers and identifies the number as belonging to Defendant.

22. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) ***-1955 and was the called party and recipient of Defendant's calls.

23. Defendant placed hundreds of automated calls to Plaintiff's cellular telephone number (904) ***-1955 in an attempt to collect a debt associated with a student loan.

24. On at least three occasions over the last year, Plaintiff specifically told Defendant to stop calling her on her aforementioned cellular telephone.

25. In early 2018, Plaintiff communicated with Defendant from her cellular telephone number and instructed Defendant's agent to "stop calling" as Plaintiff could not "afford to pay" and would not be able to "make a payment" so there was "no point in

calling" Plaintiff. However, the Defendant continued to call Plaintiff at a rate of up to four (4) calls per day.

26. Later, in mid-2018, Plaintiff spoke to another agent of Defendant and again demanded that the unwanted calls stop. Plaintiff further advised Defendant that she could not afford to pay and there was no point in Defendant hounding her with calls. However, Defendant continued to call Plaintiff at a rate of up to four (4) calls per day.

27. In January of 2019, Plaintiff again demanded that Defendant stop calling. At that time, Plaintiff again advised Defendant that she cannot afford to pay and that there was no point in constantly calling her. Since that time, Plaintiff has received over a dozen unwanted calls from Defendant.

28. No matter how many times Plaintiff has advised Defendant that she is unable to pay and that she wants the calls to stop, Defendant has continued to call Plaintiff on her cellular telephone on back-to-back days, multiple days per week, up to four times per day in a clear effort to harass Plaintiff.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33. From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

34. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's calls.

35. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

37. The unwanted and harassing calls from Defendant caused Plaintiff to suffer increased anxiety, increased depression, stress, anger, sadness, and frustration.

38. Plaintiff takes care of her elderly father and the harassing phone calls from Defendant distracted Plaintiff from her responsibilities with her family.

39. Plaintiff has made it clear to Defendant that she does not wish to be called, and that there is no way for her to afford to pay the Defendant, so Defendant should stop calling her. However, Defendant continues to call and harass the Plaintiff at a rate of up to four calls per day, on back-to-back days, in an obvious effort to harass and intimidate the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, LLC, for statutory damages, actual

damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

44.     At all times relevant to this action is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

45.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

46.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
*Counsel for Plaintiff*